**Stella J. LUBY**

v.

**FIDELITY BOND & MORTGAGE COMPANY, et al.**

**Civ. A. No. 85–1775.**

United States District Court, E.D. Pennsylvania.

Sept. 4, 1985.

James J. Rahner, Havertown, Pa., for plaintiff.

Walter Weir, Jr., Philadelphia, Pa., for Fidelity Bond & Mortg. Co.

Arthur Levy, Stanley R. Kotzen, Media, Pa., for Morton Sav. & Loan Assoc.

Andrew A. Giaccia, Edward C. Toole, Jr., Philadelphia, Pa., for Metropolitan Reporting Bureau.

### MEMORANDUM/ORDER

LOUIS H. POLLAK, District Judge.

Plaintiff has filed an action against Fidelity Bond & Mortgage, Metropolitan Reporting Bureau, and Morton Savings and Loan Association, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq. Defendant Morton Savings & Loan Association ("Morton") has moved to dismiss the complaint under Federal Rule 12(b)(6) for failure to state a cause of action under either of those two Acts.

Defendant Morton argues in particular that "Morton is not a creditor in the context of this litigation." Defendant's Motion to Dismiss at 6. As defendant states in its memorandum, and as plaintiff's complaint reveals, Morton did not deny credit to plaintiff in the events that led to this lawsuit; Morton merely provided a credit report to Fidelity Bond & Mortgage, which ultimately denied Ms. Luby's application for a mortgage.

■ Title 15 U.S.C. 1691a(e) defines a creditor for purposes of the Equal Credit Opportunity Act as:

any person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit.

Plaintiff's complaint states that Morton "currently holds a mortgage from the plaintiff on her current residence at an interest rate in excess of 15%." Complaint, ¶ 24. In light of that allegation, and by virtue of Morton's status as a Savings & Loan Association, Morton appears to be "a person who regularly extends, renews, or continues credit," or who "regularly arranges for" such credit. Although in this case, plaintiff was allegedly denied credit by another institution, this fact does not immunize Morton from these proceedings: Morton both currently holds Plaintiff's mortgage, and provided a report to another institution on that mortgage.

Furthermore, the complaint alleges that Morton has taken "actions ... [that] were discriminating toward the Plaintiff, Stella Luby, by reason of her age and sex in violation of 15 USC section 1691 et seq." Complaint, ¶ 28. Section 1691(a)(1) makes it "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction—(1) on the basis of race, color, religion, national, origin, sex or marital status, or age (provided the applicant has the capacity to contract." 15 U.S.C. § 1691(a)(1). The primary goal of Congress in enacting § 1691, part of the Equal Credit Opportunity Act Amendments of 1976, was to provide citizens legal redress for the discriminatory activities of creditors. The Report of the Senate Committee on Banking, Housing, and Urban Affairs, which accompanied the amendments, states in part:

[T]he Committee believes it must be established as clear national policy that no credit applicant shall be denied the credit he or she needs and wants on the basis of characteristics that have nothing to do with his or her creditworthiness.... [T]he hearing record is replete with examples of refusals to extend or to continue credit arrangements for applicants falling within one or more of the categories addressed by this bill.

Discrimination against the elderly was the most often cited abuse, despite the fact that in the experience of many creditors their older customers were their best customers.

Since discrimination is inherently insidious, almost presumptively intentional, yet often difficult to deter and ferret out, the Committee believes that strong enforcement of this Act is essential to accomplish its purposes.

The chief enforcement tool ... will continue to be private actions for actual and punitive damages.

S.Rep. No. 589, 94th Cong.2d Sess., at 3, 13, *reprinted in* 1976 U.S. Code Cong. & Ad. News at 403, 405, 415.

■ Defendant Morton is thus both a creditor within the meaning of the Equal Credit Opportunity Act, and is alleged in plaintiff's complaint to have acted in a discriminatory fashion with regard to its report to Fidelity Bond & Mortgage Company. Given the evident Congressional purpose to ferret out instances of discrimination in denying credit, and to rely on civil actions as the primary enforcement tool for that purpose, it is appropriate that Morton remain a party to this litigation.

For these reasons, the Motion of Defendant Morton Savings & Loan Association to Dismiss Plaintiff's Complaint is hereby DENIED.